*The American Insurance Company of New-York* v. *Charles Oakley and others.* S. STEVENS, for the Seneca County Bank; E. DE WITT, for Rosevelt, the purchaser; J. RHOADES, for the complainant in the suit; J. EDWARDS, for Sears, the solicitor of the petitioners. The chancellor observed that as a general rule, when a suit is commenced or defended, or any proceeding is had therein, by a solicitor of the court, it is not the practice to inquire into his authority to appear for his supposed client. But that if the party for whom such solicitor appears or assumes to act denies his authority, and applies to the court for relief before the adverse party has acquired any right or suffered any prejudice in consequence of the acts of the solicitor, the court may correct the proceeding, and compel the solicitor to pay the costs to which the parties have been subjected. That if the adverse party has acquired rights or been subjected to costs by proceedings in the name of a party who afterwards denies the authority of the solicitor or attorney, the courts are in the habit of permitting the proceedings to stand, where the solicitor, &c. is responsible; and leaving the party injured by such unauthorized proceedings in his name, to seek his redress against such solicitor, &c. by a summary application to the court or otherwise.

Decided that a corporation may be bound by the acts of its agents, although not under its corporate seal, and even when they are not reduced to writing, except in those cases where, by the provisions of the statute of frauds or otherwise, the contract must be in writing to render it valid if made by a private person.

Application to set aside order made upon the appeal, so far as relates to Sears, dismissed with costs.

Motion to amend the decree entered upon the appeal, by correcting the mistake in the-title of the cause granted.— Form of decree settled.